**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

BRINDON DIXON PLAINTIFF

v. No. 4:14CV00295 JLH

ARKANSAS DEPARTMENT OF HUMAN SERVICES; and TINA FRANKS, in her Individual and Official Capacity as Supervisor DEFENDANTS

**OPINION AND ORDER**

Brindon Dixon was formerly employed by the Arkansas Department of Human Services ("DHS"). In October 2012, Dixon resigned from her position. Dixon claims that she was constructively discharged due to allegedly unlawful inquiries into her medical leave usage. Dixon also claims that DHS and Tina Franks, Dixon's supervisor, discriminated against her based on her race when Franks inquired into Dixon's use of medical leave in violation of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111, *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; and 42 U.S.C. §§ 1981 and 1983. DHS and Franks have filed separate motions to dismiss. Documents #21 and #26. Dixon has responded to both motions, and Franks has replied. Documents #24, #30, and #34. For the following reasons, the motions are granted.

**I.**

According to her amended complaint, Dixon is an African American female who worked at DHS from December 1997 until October 2012. Document #18 at 1 ¶ 2 and 2 ¶ 7. Franks was Dixon's supervisor at DHS. *Id.* at 1 ¶ 3. On April 18, 2012, Dixon submitted a sick leave request to Franks for May 25, 2012, in order to attend a scheduled medical appointment. *Id.* at 3 ¶ 11. Dixon alleges that, prior to approving the request, Franks asked Dixon, "What are you being seen for," to which Dixon responded that the inquiry was improper. *Id.* at 3 ¶ 13. Dixon alleges that

Franks stated, "according to new FMLA procedures we have to ask what you are taking sick leave for." *Id.* Dixon alleges that she supplied the requested information so she could attend her appointment because Franks refused to approve the leave request until the information was supplied. *Id.* ¶¶ 14-15. Dixon also alleges that Franks subjected her to this mistreatment due to her race. *Id.* at ¶ 17. Dixon alleges that her Caucasian co-workers were not subject to such inquiries and that subsequent to this incident, Dixon was denied leave on several occasions while Caucasian employees were granted leave. *Id.* at ¶ 19. She also alleges that she was required to supply a physician's note in order to be granted sick leave while Caucasians under similar circumstances were not so required. *Id.* at 4 ¶ 20. Dixon alleges that she was forced to quit her employment due to the mental and emotional distress caused by these actions, which she claims amounted to a constructive discharge. *Id.* at ¶ 21.

**II.**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The court must accept as true all of the factual allegations contained in the complaint, *Twombly*, 550 U.S. at 572, 127 S. Ct. at 1975, and must draw all reasonable inferences in favor of the nonmoving party. *Cole v. Homier Distrib. Co.*,

*Inc.*, 599 F.3d 856, 861 (8th Cir. 2010). The complaint must contain more than labels, conclusions, or a formulaic recitation of the elements of a cause of action, which means that the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965.

**III.**

Dixon concedes that she can only obtain prospective relief against DHS under Title I of the ADA. Document #24 at 3-5. She also concedes that her claim for punitive damages for a violation of Title VII of the Civil Rights Act against DHS must be dismissed. *Id.* at 3. Accordingly, Dixon's claims against DHS for monetary damages under Title I of the ADA and her claim for punitive damages against DHS pursuant to Title VII are dismissed.

Against Franks in her official capacity, Dixon concedes she can only obtain prospective relief under Title I of the ADA, so the ADA claim for monetary relief is dismissed. Document #30 at 3-4. The claims against Franks in her individual capacity under Title I of the ADA and Title VII of the Civil Rights Act also must be dismissed because Dixon concedes that a claim against an individual supervisor cannot be brought under these statutes. *Id.* at 5. Finally, Dixon also concedes her section 1983 claim against Franks, in her official capacity, must be dismissed. *Id.* at 7.

The following claims remain: Count I: Title I of the ADA against DHS and Franks in her official capacity for injunctive relief; Count II: Title VII of the Civil Rights Act against DHS and Franks in her official capacity; and Count III: the section 1983 claim against Franks in her individual capacity. For the following reasons, the motion to dismiss these counts are GRANTED.

**IV.**

**A. Title VII of the Civil Rights Act**

DHS and Franks contend that Dixon has failed to state a claim under Title VII of the Civil Rights Act, so her complaint should be dismissed. To prevail on a discrimination claim under Title VII, the plaintiff must show: "(1) she is a member of a protected class; (2) she met the legitimate expectations of her employer; (3) she suffered an adverse employment action; and (4) similarly situated employees that were not members of the protected class were treated differently." *Davis v. KARK-TV, Inc.*, 421 F.3d 699, 704 (8th Cir. 2005) (citing *Gilmore v. AT & T*, 319 F.3d 1042, 1046 (8th Cir. 2003)).

The defendants argue that the amended complaint fails to identify any similarly-situated individuals. "[A] plaintiff need not plead facts establishing a prima facie case of discrimination under *McDonell Douglas* in order to defeat a motion to dismiss." *Hager v. Ark. Dept. Of Health*, 735 F.3d 1009, 1014 (8th Cir. 2013). However, the plaintiff must allege facts sufficient to support a legal conclusion to "raise a right to relief above the speculative level." *Id.* (quoting *Iqbal*, 556 U.S. at 679, 192 S. Ct. 1937 and *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id.* (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992 (2002) (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

In *Hager*, the court granted a motion to dismiss because the allegation that "she 'was discharged under circumstances summarily [sic] situated nondisabled, males, younger people, or those that did not require leave or accommodation were not.'" *Id.* Dixon's amended complaint identifies her comparators in similar language. She states: "Plaintiff's fellow Caucasian co-workers

were never subjected to inquiries related to the medical purposes of their sick leave requests . . . Plaintiff was denied leave . . . while Caucasian employees were granted leave . . . [and] . . . Plaintiff was required to supply a physician's note . . . while Caucasian employees were not . . . under similar circumstances." Document #18 at 3-4 ¶¶ 18-20. To state a claim, Dixon must allege some facts, such as names, positions or job duties, to support these conclusions. *See generally Weaver v. Hobbs*, No. 2:13CV00048-SWW, 2013 WL 6634005, at *2 (E.D. Ark. Dec. 17, 2013). Dixon's amended complaint fails to allege facts to support the conclusion that she was subjected to racial discrimination.

The amended complaint also fails to allege facts sufficient to show that Dixon suffered an adverse employment action. "An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage." *Spears v. Mo. Dep't of Corr. and Human Res.*, 210 F.3d 850, 853 (8th Cir. 2000). To be an employment disadvantage, it must be more than "minor changes in working conditions that merely inconvenience an employee or alter an employee's work responsibilities" such as "[t]ermination, reduction in pay or benefits, and changes in employment that significantly affect an employee's future career prospects." *Id.*

The only adverse employment action that Dixon alleges is that she was constructively discharged from her employment. The Eighth Circuit recently explained:

> "To prove a constructive discharge, an employee must show that the employer deliberately created intolerable working conditions with the intention of forcing her to quit." *Alvarez v. Des Moines Bolt Supply, Inc.*, 626 F.3d 410, 418 (8th Cir. 2010). "In addition, an employee must give her employer a reasonable opportunity to resolve a problem before quitting." *Sanders v. Lee Cnty. Sch. Dist. No. 1*, 669 F.3d 888, 893 (8th Cir. 2012). "Evidence of the employer's intent can be proven 'through direct evidence or through evidence that the employer could have reasonably foreseen that the employee would quit as a result of its actions.'" *Id*. (quoting *Fercello v. County of Ramsey*, 612 F.3d 1069, 1083 (8th Cir. 2010)).

*Ames v. Nationwide Mut. Ins. Co.*, 760 F. 3d 763, 767-68 (8th Cir. 2014).

Dixon alleges that Franks improperly refused to accommodate her requests for leave until Dixon disclosed private and confidential health information. Document #18 at 3 ¶¶ 12-15. Dixon also alleges that between April 18, 2012, and July 2012, she was denied leave several times while Caucasian employees were granted leave, and she was required to submit a physician's note for sick leave where Caucasian employees were not similarly required. *Id.* at 3-4 ¶¶ 19-20. Due to these actions, Dixon claims she was forced to quit in October 2012. *Id.* at 4 ¶ 21. Accepting these allegations as true (other than the conclusion that she was forced to quit), they do not suffice to state a claim for constructive discharge. First, they do not show that the employer deliberately created intolerable working conditions with the intention of forcing Dixon to quit. Second, Dixon does not allege that she gave her employer a reasonable opportunity to resolve the problem before quitting.

Thus, the amended complaint fails to allege sufficiently that Dixon suffered an adverse employment action.

**B.     Section 1983**

Franks contends that the section 1983 claims against her in her individual capacity fail as a matter of law because a section 1983 claim cannot be based on an ADA or Title VII violation. Dixon contends that her section 1983 claims are due "to racial discrimination and less favorable employment conditions than [her] . . . Caucasian co-workers, in violation of the Fourteenth Amendment." Document #30 at 9. Franks points out that "[t]he Fourteenth Amendment, however, is not cited in the Amended Complaint as the basis for the § 1983 claim." Document #34 at 2. However, Dixon does allege in Count III that "discriminatory acts . . . deprived Plaintiff of rights and privileges protected by the United States Constitution." Document #18 at 7. Courts are

instructed that they must construe pleadings "so as to do justice."  Fed. R. Civ. P. 8(e).  So construed, Dixon's section 1983 claim is based on the Equal Protection Clause of the Fourteenth Amendment.

"The Eighth Circuit Court of Appeals has held that a § 1983 claim based on [sic] alleged violation of equal protection in the employment context is analyzed in the same way as a Title VII claim of sex, race, or religious discrimination, or an ADEA claim of age discrimination. *Mummelthie v. City of Mason City, Ia*, 873 F. Supp. 1293, 1333 (N.D. Iowa 1995) *aff'd sub nom. Mummelthie v. City of Mason City, Ia*, 78 F.3d 589 (8th Cir. 1996) (providing an overview of cases supporting this proposition).  As explained above, Dixon did not allege facts sufficient to demonstrate that similarly situated people were treated differently under Title VII, nor did she allege facts sufficient to show an adverse employment action.

**C.     ADA**

As noted, Dixon concedes that she can obtain only prospective relief under the ADA. Because Dixon resigned, and because she has not sufficiently alleged that she was constructively discharged, she is not in a position to obtain prospective relief.  Therefore, her ADA claim for prospective relief will be dismissed without prejudice.

## CONCLUSION

For the reasons explained, the motions to dismiss are GRANTED.  Documents #21 and #26. Brindon Dixon's amended complaint is dismissed without prejudice.  If Dixon wishes to file a second amended complaint, she must seek leave to do so within thirty (30) days from the entry of this Order.  If she does not seek leave to amend her complaint within thirty (30) days from the entry of this Order, the Court will enter a judgment dismissing her claims without prejudice.

IT IS SO ORDERED this 9th day of October, 2014.

J. Leon Holmes

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE